CHIEF JUSTICE HARDIN
delivered the opinion op the court.
This controversy is now for the third time before this court. We copy for convenience the following statement of the case as made in the opinion of this court delivered on the 31st of October, 1871, reversing the second decision of the cause in the court below:
“The foundation of the action was an account of $37,161.78 against Henry J. Lyons & Co., subject to a credit of $17,508.91. The present appellee, Ricketts, being the only member of the firm of H. J. Lyons & Co. before the court, answered, admitting the debt, but pleaded in avoidance a contract or agreement entered into between the appellants and H. J. Lyons & Co; which he relied upon as a release of the balance of the debt, the payment of $17,508.91 béing therein acknowledged, and the contract stipulating as follows: ‘We agree in receiving this, if upon a final adjustment they are unable to pay more, to release them from further liability; but no release will be made unless we are paid as much in proportion as any other creditor.’ ”
A trial of the case having resulted in a verdict and judgment in favor of the defendant, which the court refused to set aside upon a motion- for a new trial, and the cause having been brought to this court on the appeal of the plaintiffs, it was further stated and held in the opinion from which we have quoted, in effect, that the correctness of the action of the court in instructing the jury depended mainly on the construction of said agreement; and with reference to the trial in which that action occurred this court said:
*369 “ There was evidence conducing to prove that Lyons & Co. had between the time of their suspension and the date of said agreement paid or secured to others of their creditors a larger proportion of their debts than the plaintiffs received, and it does not appear that this was known by them when they executed the agreement. But the court seems to have construed the agreement as operating prospectively only, and therefore so ruled on the motions to instruct the jury as to exclude from them the evidence of payments and settlements made by H. J. Lyons & Co. after their suspension, but prior to the 12th day of April, 1865 (the date of the contract).
“In this construction we do not concur; on the contrary, we think the parties contracted with particular reference to the altered condition of H. J. Lyons & Co. in consequence of their failure and suspension, and meant to provide by the agreement for placing the appellants on an equal footing with the most favored creditor with whom Lyons & Co. might settle or compound, or had done so since their suspension occurred, which appears to have been on the 23d of March, 1865.”
For the reasons thus indicated the judgment of the lower court in favor of Ricketts was reversed, and the cause remanded for a new trial and further proceedings not inconsistent with said decision of this court.
Upon a return of the cause a new trial was awarded in obedience to the mandate of this court, and the cause re-docketed.
Subsequently, January 19, 1872, the defendant Ricketts appeared and filed his petition, suggesting that he was and ever since the commencement of the action had been a nonresident of this state, and alleging in effect that he had reason to and did believe that from prejudice or local influence he would not be able to obtain justice in the state court in which *370 the action was pending; and thereon, and upon executing bond as required by law, moved the court to remove the case into the United States Circuit Court for the District of Kentucky; and that motion, although resisted, was sustained by the court, and the cause transferred to the Federal Circuit Court, and from that decision the plaintiffs have appealed to this court.
The order of removal involving as it does a final determination of the question of jurisdiction in the state court, there can be no doubt as to the jurisdiction of this court to revise that decision; but the essential question in the case is whether the order of removal at the time it was made was authorized under the act of Congress of March 2, 1867, which provides “that where a suit is now pending or may hereafter be brought in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars exclusive of costs, such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court, may at any time before the final hearing or trial of the suit file a petition in such state court for the removal of the suit into the next Circuit Court of the United States,” etc. (14 U. S. Statutes at Large, 559.) This act is an amendment of that of July 27, 1866, in which the language used is that the petition may be filed “ at any time before the trial or final hearing of the cause.” (14 U. S. Statutes at Large, 307.) The import of the language of both acts as to the time within which the application for removal may be made is manifestly the same, the transposition of the words being merely accidental.
As has been already sufficiently shown, the case when the *371 order of transfer was made had been fully and completely tried in the lower court, and the action of that court upon the last trial, which resulted in a verdict and final judgment for the defendant, had been, on the appeal of the plaintiffs, regularly revised by this court, and the judgment reversed. That reversal certainly had the effect of annulling the-judgment of the lower court; but the trial nevertheless remained effectual as a physical fact, and instead of becoming a nullity, as if it had been a mere mistrial in the court below, was the means of enabling this court authoritatively to determine the principles of law governing the rights of the parties, and directing their proper application by the lower court upon a retrial of the case.
The doctrine is well settled, and has long been recognized by this as well as the courts of other states, that although a judgment be reversed for errors committed by the lower court in trying the case, and the cause remanded consequently for a new trial, still the decision of the appellate court, based on the former trial of the case, as to questions of law involved by and decided upon it, becomes the law of the casé, as finally disposing of those questions, and binding not only on the inferior court, but also on the appellate court upon another appeal in the same case. This being undoubtedly so, we should not hesitate to decide that the last trial of this case in the court below was a final trial, and such as to preclude the appellee from availing himself of his residence in another state for avoiding the jurisdiction of the lower court according to the provisions of the act of March 2, 1867 {supra), even if the question were altogether a new one, and unaffected by the decisions of the courts of other states entitled to be respected as authority.
Of the numerous decisions which might be cited as sustaining the construction which we must give to said act of March 2, 1867, we deem it only necessary to refer to the able *372 and exhaustive decisions in tbe cases of Akerly v. Vilas (24 Wis. 165) and Home Life Insurance Company v. Dunn’s adm’x (20 Ohio, 175), and the authorities therein cited.
We are of the opinion that the court below erred in sustaining the application to remove the case into the United States Circuit Court. Therefore said order of removal is reversed, and the cause remanded for further proceedings not inconsistent with this or either of the previous decisions of this court in this case.