## W. S. VANCE v. W. S. HOGUE.

1. An order changing the venue is not such a final judgment as will authorize an appeal.
2. This court declines to recognize as an assignment of errors a loose paper, without file mark, though found with the record and purporting to designate errors in the judgment appealed from.

ERROR from Walker. Tried below before the Hon. P. W. Gray.

This is a case of long standing in court. There is no occasion to give its history.

*Hughes*, for plaintiff in error.

No brief for defendant in error.

OGDEN, J.—This suit was originally instituted in Polk county, and because the district judge holding court in that county was disqualified from sitting in the cause, the venue was changed to Walker county. On the thirtieth day of April, 1857, the cause was dismissed for want of prosecution; and on the fifth day of May, the judgment of dismissal was set aside, and an order re-transferring the cause by a change of venue back to Polk county, and striking it from the docket of Walker county, was entered up; to which ruling the defendant excepted, and gave notice of an appeal. The last order of the court in Walker county was in effect only an order to change the venue of the cause, and it may be well doubted whether we should consider it such a final judgment as would authorize an appeal. There is, however, no assignment of errors accompanying the record, to specifically point out the errors complained of. But there is a loose paper ac-

companying the record, without a file mark, which proposes to point out several errors of the court below in this cause, and yet we are of the opinion that they are not such errors as would authorize a reversal of the judgment at this stage of the case. · The appellant has filed what we presume is a very able brief ; but being unable to decipher the same, in the time limited to us for such purposes, we have been compelled to determine the cause without that valuable aid.

The judgment of the district court is affirmed.

AFFIRMED.