## JAMES H. NOUNNAN, *Appellant*, *v.* LLOYD ASPINWALL *et al.*, *Respondents.*

CHANGE OF VENUE.—An Order of the Court transferring a cause from the Third to the First Judicial District, is an intermediate and not a final order.

No APPEAL FROM ORDER CHANGING VENUE.—There is no appeal from an order changing the place of trial. (See 5 Cal., 461; 13 Cal., 324.)

APPEAL from the District Court of the Third Judicial District.

Order changing place of trial.

The facts appear in the Opinion of the Court.

*Hemingray, Robertson & McBride, Tilford & Hagan,* for Appellant.

*Baskin & De Wolfe* for Respondent.

EMERSON, J., delivered the Opinion of the Court.

A motion on the part of the Respondent has been made to dismiss this appeal, upon the ground that an order made by the court below is not such a final order or decree as can be appealed from.

The bill was filed by the Appellant in the Third District Court, for the purpose, as is expressed in the prayer for relief, of setting aside the certificate of entry and patent to the Miller mining claim, and that they may be declared of no effect or validity, so far as the same affect or apply to the interest in said mining claim, claimed by the Appellant, and that he might be adjudged and decreed to be the legal and equitable owner of an undivided three hundred feet in and to said mine, and that the Respondents be adjudged and decreed to hold only the legal title of said mine in trust for the Appellant, to the extent of his interest therein; and that the Respondents be adjudged and decreed to execute said trust, especially by conveying to the Appellant an undivided three hundred feet in said mine, and that the Respondents be divested of all claim or title in and to said three hundred feet, and that the Appellant be invested therewith,

and that he be decreed to have, hold and possess the same free from all claims or interference from the Respondents, or either of them.    There is also a prayer for an accounting for all ores taken from the mine, and a prayer for an injunction.

There was a personal service of the subpœna issued in the cause upon the Respondents, Baskin, and the Miller Mining Company; the Respondent, Aspinwall, was not served.    The parties served with process appeared and answered, and proofs were taken, and the cause was regularly proceeded in, and came up for final hearing in the Third District Court, upon the pleadings and proofs.    Upon the hearing, and when the arguments of counsel were nearly through, for the first time the attention of the Court was called to the fact that the property in dispute was situated within the First Judicial District. No motion was made upon the subject, but counsel desired to finish their argument upon the merits.    This was permitted, and the case was finally submitted to the Court.

The Court afterwards, and on the 22d day of December, A. D. 1873, made the following order in the cause: "Now, on this day, the Court having had this cause under consideration since the 21st day of November, A. D. 1873, and it appearing unto the Court that this cause properly arose and is only triable in the First Judicial District Court, it is hereby ordered and adjudged that the same be transmitted, with all the papers, pleadings, proofs and records herein, to said court for final hearing, and decree, to which order and judgment so transmitting this cause to said court, complainant by his counsel excepts."

The course is in this court by an appeal from this order:    This is an intermediate and not a final order: It in no way affects the merits of the case; it merely changes the forum where the merits of the controversy are to be adjudicated and determined.    It is not such an order as can be appealed from, either under the prac-

tice in the United States Courts in Chancery, or under the laws of the Territory regulating appeals.

Upon the argument it was insisted on the part of the Appellant, that no matter what the determination of this court might be upon the motion, we should proceed to hear the case upon the pleadings and proofs. In this we think the counsel mistaken. This court will not try causes. It's business is to review the proceedings of the lower courts, in cases properly brought before it, when it is alleged that the court below has committed some error in its rulings or decision.

In this cause there is no judgment of the court below affecting the merits of the controversy for us to affirm or reverse.

The appeal is dismissed.

McKEAN, C. J , and BOREMAN, J., concurred.