CASE 31—PETITION—OCTOBER 15.

# Mercer, &c., v. Glass' Ex'r.

| 89 | 199 |
|----|-----|
| 103 | 443 |

### APPEAL FROM CHRISTIAN COURT OF COMMON PLEAS.

FINAL ORDER.—An order transferring a case from one court to another of the same government, invested with like jurisdiction, is not a final order, and an appeal does not lie.

FELAND, STITES & FELAND AND PETREE & DOWNER FOR APPELLANTS.

An order transferring a case from one court to another is a final order, and, therefore, appealable. (Hall & Long v. Ricketts, 9 Bush, 368; Helm, &c., v. Short, &c., 7 Bush, 623; Freeman on Judgments, sec. 29; Schrall v. Speed, etc., 14 Bush, 186; Howe & Barnes v. Stevenson & Williams, 84 Ky., 576.)

JOHN W. McPHERSON FOR APPELLEE.

The order of transfer appealed from is not a final order, and an appeal does not lie.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellants, who were plaintiffs below, objected in proper form to the regular judge trying this cause because he was not only related to one of the defendants, but his attorney. A motion was, at the same time, entered by the appellants to hold an election for a special judge. It was overruled, and the court, over the

objection of the appellants, ordered the action transferred to the circuit court of the county. Subsequently the appellants moved to set aside this order. This motion was also overruled, and they have appealed.

The appellate jurisdiction of this court is confined to final orders and judgments. (Civil Code, page 375.)

The question at the threshold is, does an appeal lie from the order of transfer? Is it of a final character? It has not been made so by statute, and we must turn to the general law for an answer.

It is often difficult to fix the boundary between orders which are, and are not, final. A final order has been defined to be one which "either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the power of the court making the order after the expiration of the term to place the parties in their original position." Briefly, it is one which disposes of the cause, or of a distinct and definite branch of it. To be such, it need not determine the merits of the cause or be a final determination of the rights of the parties as to the matter of dispute. (Freeman on Judgments, section 21.) It is sufficient if it be a final determination of that particular suit. Thus, as said in section 17 of the work just cited, the dismissal of an action by the plaintiff is a judgment. An interlocutory order, however, is one which does not dispose of the action. In this instance it was not ended by the order of transfer, but merely sent to a court invested with like jurisdiction of the same government. The order was not equivalent to one of dismissal.

There is some conflict of decision as to whether even an order transferring a case from a State to a federal court is a final one and authorizes an appeal. It was held in the cases of Jackson v. The Railroad, 58 Miss., 648, and Jones v. Davenport, 7 Coldwell, 145, that it was not; but otherwise in Rosenfeld v. Condict, 44 Texas, 464; Burson v. National Park Bank, 40 Ind., 173; State v. The Judge of the Thirteenth Judicial District, 23 La. An., 29, and by this court in Hall & Long v. Ricketts, 9 Bush, 366. In such a case, however, the party is taken into the court of a different government. The order of removal determines finally the question of the jurisdiction of the State court, and is equivalent to sustaining a plea to its jurisdiction.

The State's judicial power is then at an end. If the party opposing the order cannot appeal at this stage of the case to this court, he can never do so. Without now deciding, however, whether a party can appeal from such an order, because the question is not now before us, we pass it by with the suggestion that reasons exist in such a case in favor of the right which are not found in the one now presented.

Blackstone says that "final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for," and that "interlocutory judgments are such as are given in the middle of a cause, upon some plea, proceeding or default, which is only intermediate, and does not finally determine or complete the suit." (3 Com., 397–8.)

Here the order does not terminate the action, or decide any matter in contest, or divest any right. It is only "intermediate."

It was said, in Teaff v. Hewitt, 1 Ohio State, 511, that "an interlocutory decree is one which leaves the equity of the case, or some material question connected with it, for further determination." So here the action is yet pending and the merits undecided.

It was held in Fields v. Gagne, 33 La. An., 339, where the judge could not act by reason of personal interest, that an appeal did not lie from an order sending the case to another district court of the State, and refusing to refer it to an attorney of the court in which it was then pending. In Vance v. Hogue, 35 Texas, 432, and Nounnan v. Aspinwall, 1 Utah, 140, an order changing the venue was held to be merely interlocutory.

The opinion in the case of Juan v. Ingoldsby, 6 Cal., 439, seems to support the same rule, although it is too brief for a full understanding of the case, and appears to be based, partially at least, upon the Practice Act of that State.

In Turner v. Browder, &c., 18 B. M., 825, an action was transferred from the circuit court of one county to that of another by change of venue. The latter court made an order remanding it, and it was held by this court that an appeal did not lie from it, because it was not of a final character.

It is the policy of the law to prevent unnecessary appeals. Courts should not be compelled to review cases by piecemeal.

It is urged that unless a party can at once appeal from an order of transfer, he may be compelled to look to a long litigation in the court to which the transfer is made, and then at its close, upon an appeal, it may

be held that the change should not have been made, and that all that has been done is, therefore, invalid. This argument is not without weight; but yet the interest of litigants demands that appeals should not be prematurely taken. If an appeal could be taken from every order interlocutory in its character, and which is fraught with interest to the litigants, then useless delay and expense would often result, and the appellate courts be burdened with unnecessary labor. For instance, an error is committed against a party in ordering a transfer of a cause, and yet this very party is successful upon the final trial. The illustration shows the wisdom of limiting appeals to orders final in their character as to the relief sought by the party. Moreover, if he loses the case he is not remediless. He can then appeal, and test the validity of the order which brought him into the trial court.

These considerations outweigh the argument made in favor of the claim to a right of appeal from the order in question. Public policy and individual interest alike forbid it. Indeed, the right of appeal rests upon the idea of permanent injury unless it be afforded.

We have been urged by both sides to waive this question, and determine the right of the judge to order the transfer. We were disposed to reach the consideration of the latter question if possible, but reason, law and precedent forbid it. Consent can not give this court jurisdiction if not conferred by law.

The order in question not being a final one, this appeal is dismissed.