# Kilgore v. Commonwealth.

June 21, 1949.

Rodes K. Myers, W. O. Bilyeu, Leland H. Logan, Cecil Wilson and Philip Wilson for appellant.

A. E. Funk, Attorney General, W. Owen Keller, Assistant Attorney General, R. D. Willock, W. H. Natcher, L. B. Finn, J. T. Orendorf, G. D. Milliken, Jr. and G. D. Milliken, Sr. for appellee.

OPINION OF THE COURT BY JUDGE HELM—Dismissing appeal.

On the morning of June 28, 1948, Dr. and Mrs. C. B. Martin were slain in their home near Bowling Green. That morning the appellant, Edward Kilgore, was arrested at his home in Glasgow and charged with the double murder. On motion of appellant's counsel, an order was entered later on the day of the arrest for a mental examination, and the examination was conducted on the following day. On September 7, 1948, indictments were returned against appellant. A motion was then filed to stay proceedings until the sanity and ability of the appellant to stand trial were determined. Upon the showing made, an order was entered for a hearing, as provided by section 156 of the Criminal Code of Practice.

At a hearing beginning on September 22, 1948, and continuing for three days, thirty-three witnesses, including psychiatrists and physicians, were introduced

for appellant; fifteen witnesses, including physicians and psychiatrists, were introduced by the Commonwealth. On September 24 the jury, after hearing the instructions of the court and arguments of counsel, returned the following verdict: "We the jury find Edward Kilgore before us upon this hearing to be at the present time of sound mind," and the following judgment was entered: "It is therefore ordered and adjudged by the court that defendant, Harry Edward Kilgore, is a person of sound mind, and that defendant's motion for stayed proceedings herein, be, and the same is hereby overruled, to which ruling defendant excepts."

Criminal Code of Practice, section 156, provides: "If the court shall be of opinion that there are reasonable grounds to believe that the defendant is insane, all proceedings in the trial shall be postponed until a jury be impaneled to inquire whether the defendant is of unsound mind, * * *."

As said in Gregory's Criminal Law, section 960, page 724: "The purpose of an investigation before trial is not to determine his mental condition at the time the crime was perpetrated, but to enable the court to ascertain, whether or not, he is in a condition to secure a fair trial by being able to make a rational defense, employ, advise with and discharge counsel and conduct his defense generally in an intelligent way. The question as to whether or not an inquest shall be had before the trial, rests within the sound discretion of the court."

Whether an inquest, pursuant to Criminal Code of Practice, section 156, shall be held, rests in the sound discretion of the trial court. Murrell v. Commonwealth, 291 Ky. 65, 163 S. W. 2d 1; White v. Commonwealth, 197 Ky. 79, 245 S. W. 892.

In each of these cases the motion for a sanity hearing was made during the course of the trial on a charge of murder. Each of the defendants was convicted, and upon each appeal from the judgment of conviction one of the errors assigned was the failure of the trial court to stay the proceedings and conduct a sanity hearing, as provided by section 156 of the Criminal Code of Practice. From a reading of the Code and these cases, and other cases cited in these cases, it is clear that the grant-

ing of a sanity hearing rests within the sound discretion of the trial judge. It is also clear that a request or motion for a sanity hearing is an interlocutory proceeding incidental and preliminary to the trial of the main issue. See Bishop's New Criminal Procedure, Vol. 3, page 1640.

Being an interlocutory proceeding, any error of the trial court can be taken advantage of only upon an appeal from the judgment entered at the conclusion of the trial of the main issue, which, in the present case, is that of murder. An interlocutory order is such as is given during the course of a cause upon some plea or proceeding which is only intermediate and does not finally determine or complete the action.

In White v. Commonwealth, supra, White assigned as error that the trial court erred in not stopping the proceedings of the trial and inquiring into his sanity, as provided by the above section of the Criminal Code. The court overruled the motion; the trial proceeded; the defendant was found guilty and sentenced to life in prison. Upon an appeal from that judgment, the failure to grant the sanity hearing was assigned by White as error.

In Murrell v. Commonwealth, supra, Murrell was charged with the murder of Paul Ketron. During the course of the trial, Murrell moved for a sanity hearing. His motion was overruled; the trial proceeded; Murrell was found guilty, the jury inflicting the death penalty. One of the errors assigned was the failure of the trial court to grant Murrell a sanity hearing during the trial. This court held that the trial court did not abuse his discretion in entering an interlocutory order overruling the motion for an inquiry into Murrell's mental condition, and affirmed the judgment.

Freeman v. People, 4 Denio 9, 47 Am. Dec. 216, is a leading New York case on the question here. Freeman, charged with murder, was represented by W. H. Seward. When about to be arraigned, his counsel pleaded that he was then insane. A jury was then impaneled to ascertain whether the accused was sufficiently sane to proceed with the trial. The jury found that he was sane; he was arraigned; the trial proceeded; he was found guilty and sentenced to be executed. Upon an appeal from the judg-

ment sentencing him to death, errors were assigned as to the proceedings upon the preliminary hearing as to his sanity.

In all of the cases we have examined the questions attempted to be raised here were considered only upon an appeal from the final judgment. That is true, of course, because the questions attempted to be raised here concern only an interlocutory order entered in a preliminary matter, incidental to the main charge of murder. If appellant had filed a motion for a continuance or postponement of his trial on the charge of murder because he was physically ill and unable to proceed with the trial, that clearly would have been an interlocutory motion. When a motion was filed for him saying that he was mentally ill and unable to proceed with his trial, that likewise was an interlocutory matter.

In the present case, the trial court, upon the showing made, empaneled a jury to inquire whether the defendant was of sound mind at the time of the hearing. The jury found that he was sane and the court entered an order in keeping with this verdict of the jury. That order being an interlocutory order, we are without jurisdiction to consider an appeal from it. Criminal Code of Practice, sec. 335.

This appeal is, therefore, dismissed.