## ROBINSON v. COMMONWEALTH.

Court of Appeals of Kentucky.
Nov. 2, 1951.

Rehearing Denied Dec. 14, 1951.

George R. Ambro, Herbert H. Monsky, Louisville, for appellant.

A. E. Funk, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

STEWART, Justice.

On January 31, 1951, James I. Robinson was convicted in the Jefferson Circuit Court, Criminal Division, of the crime of wilful murder and his punishment was fixed at death. Robinson appeals on the grounds (a) that the lower court erred when it overruled his motion to stay proceedings in his trial until his sanity could be determined and (b) that, since there was a trial, the verdict of the jury was not a fair and impartial one.

Robinson in a written statement before his trial and by his testimony at the trial confessed to strangling three-year old Joyce Joan Shouse to death at around 11:30 p. m. on July 7, 1950. He lured his victim from a place known as the Capitol Bar on Market Street in Louisville to the rear of the Eck Miller Transfer Company at 312 East Main Street and there he slew her. Afterwards he committed perverted sexual acts upon her body. He hid the body under a porch or truck dock in the rear of the Transfer Company building. It was found six days later, the odor of the corpse leading to its discovery. Robinson fled from Louisville the next day after the murder and, after traveling about over the eastern section of the United States, he finally settled in Providence, Rhode Island, under the assumed name of Charles Frank Keller, Jr. Agents of the Federal Bureau of Investigation apprehended him in Providence on December 29, 1950, and he was returned to Louisville shortly thereafter for trial.

Counsel for the defense contended at the trial that at the time Robinson committed the offense of which he was convicted he was without sufficient reason to know what he was doing; he had not sufficient mentality to know right from wrong; and he had not sufficient will power as a result of mental unsoundness to govern his actions at the time he took the life of the child, because of some insane impulse he could not resist or control.

Doctor William Keller, a practicing psychiatrist of Louisville, was the only person introduced at the trial who testified as an

expert witness on Robinson's mental condition. He was called by the defense. The psychiatric evidence did not show in any respect that Robinson was of unsound mind or that he was subject to seizures of insane impulse. Doctor Keller stated positively that he believed Robinson knew right from wrong. In his confession and in his testimony, Robinson made many self-serving statements. For example, he said he had a brother who had been insane for 18 years and that his grandfather and an uncle on his mother's side of the family had been lunatics. The last sentence of his written confession stated: "I believe that I am a sex maniac." The testimony of his mother adds up to an effort on her part to induce belief in the minds of the jury at the trial that her son was abnormal.

The trial court by an appropriate instruction submitted to the jury the question as to whether Robinson was sane at the time he committed the crime with which he is charged and the jury, after hearing all the evidence in the case, did not believe and find that his acts in the murder of the child were those of a lunatic. Counsel for defense does not raise as an issue before us that Robinson slew the child as a result of an insane impulse; he insists that the lower court should have determined by an inquest whether Robinson was sane before proceeding with the trial; and he argues that the refusal of the trial court to sustain his motion constitutes reversible error.

Section 156 of the Criminal Code of Practice provides: "If the court shall be of opinion that there are reasonable grounds to believe that the defendant is insane, all proceedings in the trial shall be postponed until a jury be impaneled to inquire whether the defendant is of unsound mind, * * *."

Gregory in his treatise on Kentucky Criminal Law, section 960, p. 724, has this to say on the point in issue: "The purpose of an investigation before trial is not to determine his (the accused's) mental condition at the time the crime was perpetrated, but to enable the court to ascertain, whether or not, he is in a condition to secure a fair trial by being able to make a rational defense, employ, advise with and discharge counsel and conduct his defense generally in an intelligent way. The question as to whether or not an inquest shall be had before the trial, rests within the sound discretion of the court."

■ We have held unwaveringly to the rule that whether an inquest, pursuant to section 156 of the Criminal Code of Practice, shall be held rests solely within the sound discretion of the trial court. Kilgore v. Commonwealth, 310 Ky. 826, 222 S.W.2d 600; Murrell v. Commonwealth, 291 Ky. 65, 163 S.W.2d 1; Denny v. Commonwealth, 274 Ky. 419, 118 S.W.2d 778. We said in White v. Commonwealth, 197 Ky. 79, 245 S.W. 892, 894: "the discretion so confided to the trial court will only be reviewed and controlled by this court upon appeal when there has been a palpable abuse of it."

■ Clearly there is no showing in the record that the trial court abused its discretion in refusing to conduct a hearing as to the sanity of the accused.

Although counsel for Robinson did not set it up as a ground in his motion for a new trial, he advances in his brief what amounts to a contention that the accused did not receive a fair and impartial trial. His argument along this line is elusive. He makes extravagant charges but he offers no proof to sustain his position. The following extract from his brief seems to sum up his complaint: "This entire proceeding is tainted in that from beginning to end it reveals an assumption of responsible guilt coupled with a failure on the part of the Court to seek affirmatively to do justice and an unseemly haste to try, condemn and execute Robinson."

■ We do not feel called upon as a reviewing Court to pass judgment upon what we consider are nothing but mere assertions of Robinson's counsel, especially when no evidence exists in the record to support them. That Robinson is guilty of having committed the crime of which he was convicted is beyond question. In the absence of a legal excuse for his act, and he has proved none, he must be held accountable for his murderous deed. It is our considered judgment, after a careful examination

of the record in his case, that Robinson was given a fair, full and impartial trial by the lower court. It follows that the judgment of conviction must stand.

Wherefore, the judgment is affirmed.

MOREMEN, J., not sitting.