**Lawrence "Lum" DYE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 3, 1972.

J. Milton Luker, Luker, Luker & Roberts, London, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Appellant, Lawrence "Lum" Dye, was convicted on all counts of a multiple-count indictment, which charged the commission

of three separate felonies. Dye was convicted of the murder of his sister-in-law, Sandra Ping Foster; shooting and wounding his brother-in-law, Paul Foster; and shooting at without wounding James Buchanan. The jury's verdict of guilty fixed his punishment at life imprisonment for murder, twenty-one years' imprisonment for the shooting and wounding of Foster, and twenty-one years imprisonment for shooting at without wounding Buchanan. Judgment was entered in accordance with the verdict. Dye appeals on these grounds: the trial court erred in failing to grant him a continuance; the several felonies should not have been tried together, but should have been severed for separate trials; inadmissible evidence was introduced. We affirm the judgment.

Dye and his wife, Linda, separated about a week before the homicide. She went to live with her mother. On Thanksgiving Day, November 26, 1970, she accompanied her sister, Sandra, and Sandra's husband, Paul Foster, to the home of Foster's parents. Several members of the immediate family were present. Dye came to this house about 7:30 p. m. and stated that he wanted to talk to his wife. She hid in a closet and refused to see him. Thereafter, Dye pulled a gun and wounded Paul Foster. Dye then ordered everybody in the house outside and told them to line up; he thereupon fired the gun again barely missing James Buchanan, the brother-in-law of Paul Foster. Dye, Paul Foster and his wife, Sandra, and Buchanan, went out into the yard; Dye was pointing a gun at them. Sandra Foster attempted to get to her husband, Paul, and Dye shot her. Paul Foster then took Dye to the closet where the estranged wife, Linda, was hiding. Dye then pointed the gun at his wife and told her that he had killed Sandra and if she didn't come with him he would kill her. They left together. Sandra was dead on arrival at the hospital.

The substance of Dye's testimony was that he remembered going to see his wife, sitting out in the car and talking with Paul

Foster whom he asked to go in and get his wife. He also recalled going into the house and drinking a cup of coffee, but he stated that he did not remember anything that happened thereafter.

Dye's attorney moved for a continuance for the expressed reason that appellant, because of his mental condition, was unable to present a defense or advise his attorney during the trial of the case. The trial judge conducted a hearing in chambers on the issue raised, and after hearing the evidence, which principally consisted of Dye's testimony and the testimony of his attorney, denied the motion.

■ As two notes in the Kentucky Law Journal point out, Kentucky has no statute that specifies a standard for the determination of mental competence to stand trial. See 55 Ky.L.J. 346, 385, and 57 Ky.L.J. 525. The common law test explicated in Commonwealth v. Strickland, Ky., 375 S.W.2d 701 (1964) is applicable. That test consists of a determination whether the defendant has substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense, regardless of the technical classification of his mental state, legally or medically. We approved the Strickland approach as recently as Matthews v. Commonwealth, Ky., 468 S.W.2d 313 (1971).

■ RCr 8.06 vests the trial judge with discretion whether to order a mental examination of a defendant or not, and generally for an examination to be required there must be reasonable grounds to believe the defendant insane. Murrell v. Commonwealth, 291 Ky. 65, 163 S.W.2d 1 (1942); Kilgore v. Commonwealth, 310 Ky. 826, 222 S.W.2d 600 (1949). Dye concedes that the determination of his mental competence to stand trial is likewise a value judgment the responsibility for which involves an exercise of discretion by the trial judge. Dye asserts an abuse of discretion. We find none. Although there was evidence that Dye claimed lapses of memory concerning

what happened on the occasion of the tragedy and some subsequent lapses of memory concerning personal details, the evidence also demonstrated that he was fully able to comprehend the nature and consequences of the proceeding pending against him; that he recalled detailed events and answered numerous questions relevant to his case. We cannot say that the trial judge erred when he concluded that Dye was able to participate rationally in his defense. Cf. Anderson v. Commonwealth, Ky., 353 S.W.2d 381 (1961). No complaint is made concerning the instructions to the jury, which included a specific instruction on insanity.

■ Dye's next contention that he was entitled to a separate trial on each offense charged in the indictment is clearly without merit. RCr 6.18 permitted the joinder in the indictment of the separate felonies, since the offenses were based on the same acts or transactions connected together. The single trial of the separate offenses was also permissible. The evidence of each crime was simple and distinct, the offenses were closely connected in time, and no demonstrable prejudice to the defendant is shown. Brown v. Commonwealth, Ky., 458 S.W.2d 444 (1970) is dispositive of the issue presented. The construction of the Kentucky Rules of Criminal Procedure relevant to a single trial of multiple offenses made herein includes and applies to RCr 9.16 and is in accordance with the great weight of federal authority in which substantially similar procedural rules are construed and applied.

■ The final argument advanced to support Dye's claim of reversible error is that evidence of his domestic difficulties and conduct toward his wife should not have been admitted. Dye and his wife had been separated for a week and two days before the tragedy. Dye's wife testified, over continuous objections, that two weeks before this separation Dye had whipped her and that she was afraid of him. It is urged that the admission of this evidence was highly improper because it constituted proof of the commission of a separate and distinct offense that was not a subject of the indictment and for which the defendant was not on trial.

In the recent case of Francis v. Commonwealth, Ky., 468 S.W.2d 287 (1971), we considered the rule of evidence concerning the admission of evidence of separate and distinct offenses not alleged in the indictment. Therein we said: "While the prosecution is not privileged to show unconnected and isolated unlawful conduct that had no bearing whatsoever upon the crime under scrutiny, yet all the circumstances may be shown which have a relation to the particular violation of the law imputed, even if, in doing so, other offenses may be brought to light."

Dye's evidence was that he did not remember what happened at the time of the altercation during which he shot and killed his sister-in-law and wounded her husband. His wife was present and in hiding. His expressed purpose was "to see her." He was in possession of a revolver. Therefore, the circumstances of his having beaten his wife within a relatively brief time period before the tragedy and her fear of him on the occasion of the altercation were relevant to a consideration of the true purpose of his Thanksgiving Day visit and his state of mind at that time.

In Shepperd v. Commonwealth, Ky., 322 S.W.2d 115 (1959), we held that where the defendant in a prosecution for murder claimed that the shooting of his wife's father, who was armed with a pistol and on premises owned by him but occupied by the accused and his wife, was done in self-defense and where the wife was absent from the scene of the shooting evidence of prior domestic difficulties between the accused and his wife was inadmissible because it was irrelevant under the facts of the case. In the instant case, however, a completely different factual context is presented. Here the circumstances evidenced by the prior domestic difficulties bore a direct relation to the events of the tragedy.

The wife was present. The state of mind of the defendant was a relevant inquiry for the jury's consideration.

The judgment is affirmed.

All concur.