COMMONWEALLTH of Kentucky, Appellant,

v.

Glenn "Sonny" HURD, Appellee.

Court of Appeals of Kentucky.

Feb. 20, 1981.

Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellant.

David E. Melcher, Cynthiana, for appellee.

Before HAYES, C. J., and VANCE and WILHOIT, JJ.

HAYES, Chief Judge.

This matter is currently before the Court on the appellee's motion to dismiss this appeal on the grounds that it is not within the Court's jurisdiction and has not been prose-

cuted in conformity with the Rules of Civil Procedure.

The appellee, the police chief of Falmouth, Kentucky, was found guilty in the Pendleton District Court of failing to serve an arrest warrant. Judgment was entered against him on April 17, 1980, imposing a $250.00 fine and thirty (30) days in jail. The jail sentence was suspended and the fine cut in half.

Hurd then properly took an appeal to the Pendleton Circuit Court which reversed the conviction on the grounds that the evidence presented was not sufficient to support a conviction. The circuit court entered a judgment reversing with directions to dismiss the case on June 25, 1980. The Commonwealth filed a notice of appeal on July 2, 1980, in an attempt to have this Court review the decision of the Pendleton Circuit Court. Also, on July 16, 1980, the Commonwealth filed with this Court a motion for discretionary review pursuant to CR 76.20. That motion was denied on August 7, 1980. The appellee has now moved this Court to dismiss the appeal.

The appellee argues that an action from district court may be appealed, as a matter of right, only to the circuit court. Any further review of that action must be by discretionary review in the Court of Appeals or, subsequently, the Supreme Court. The appellee cites in support KRS 22A.020(1) which states that:

Except as provided in section 110 of the Constitution, an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case, in the circuit court, unless such conviction, final judgment, order, or decree was rendered on an appeal from a court inferior to circuit court.

The appellee also cites as authority CR 76.-20(1) which states:

A motion for discretionary review by the Supreme Court of a decision of the Court of Appeals and a motion for such review by the Court of Appeals of a judgment of the circuit court in a case appealed to it from the district court, shall be prosecuted as provided by this Rule 76.20 and in accordance with the Rules generally applicable to other motions. Such review is a matter of judicial discretion and will be granted only when there are special reasons for it.

The appellee argues that the Commonwealth could bring this matter before the Court only on a motion for discretionary review which has already been denied.

The Commonwealth argues that it can bring this matter before the Court on an appeal as a matter of right. The Commonwealth seeks to base its argument on section 115 of the Kentucky Constitution which states as follows:

Section 115. Right of appeal—procedure.—In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the Commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law, and the general assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage. Procedural rules shall provide for expeditious and inexpensive appeals. Appeals shall be upon the record and not by trial de novo.

The Commonwealth argues that this section gives to *each party* a right of one appeal in every matter and that it has not yet had its one appeal in this matter.

The Commonwealth's argument cannot be logically supported. The Constitution states "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court[.]" The Constitution says that one appeal shall be allowed in each case. It does not say that one appeal is allowed to each party in each case.

What is contemplated by the Constitution is that a party who feels that he is aggrieved by a judgment of a trial court may have that judgment reviewed by a higher court. The appellate judge, whether a Court of Appeals judge or a circuit judge sitting in

his appellate capacity, being one step removed from the press and hustle of the trial courtroom, dispassionately reviews the record of the case to insure that the notions of fairness imposed by our adversarial system have been complied with and that justice has been done to the extent that it is possible for courts to do so. One appeal is adequate for this purpose. In a vast majority of cases, nothing is gained by multiplying appeals. This is recognized by CR 76.-20(1) which states that discretionary review is "a matter of judicial discretion and will be granted only when there are special reasons for it."

There is no appeal as a matter of right to the Court of Appeals from an appellate decision of the circuit court. Such review can only be had by a motion for discretionary review pursuant to CR 76.20.

This appeal is hereby dismissed.

All concur.