C. E. H., a juvenile, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Court of Appeals of Kentucky.

Aug. 14, 1981.

Deedra Benthall, Paul Hibberd, Danville, for movant.

William L. Stevens, Asst. Com. Atty., George M. McClure, III, Boyle County Atty., Danville, for respondent.

Before GANT, HOGGE and WILHOIT, JJ.

## OPINION AND ORDER DENYING REVIEW

HOGGE, Judge.

This case is before the Court on application of the movant for discretionary review of a decision of the Boyle Circuit Court affirming an order of the Juvenile Division of the Boyle District Court which transferred the movant's case to the circuit court under the authority of KRS 208.170.

A number of substantive questions are raised in the application for discretionary review; however, our determination of the procedural question raised by the movant requires that his application be denied. The movant asks whether a direct appeal lies from a decision of the circuit court affirming a district court's transfer of a juvenile to the circuit court or whether discretionary review must be sought. The movant cites opinions of this Court and of the Kentucky Supreme Court which he believes have caused confusion as to the proper course to be followed in challenging a waiver order. He points out that in *Commonwealth v. Hurd*, Ky.App., 612 S.W.2d 766 (1981), we held that we may review an appellate deci-sion of a circuit court only by discretionary review while in *Newsome v. Commonwealth*, Ky.App., 26 Ky.L.Summ. No. 7, at 3 (May 11, 1979), we implied that a direct appeal could be taken to this Court from a decision of the circuit court affirming a transfer order. It should be noted that because of the grant of discretionary review by the Kentucky Supreme Court, 594 S.W.2d 273 (1980), and its subsequent disposition of the matter by unpublished memorandum opinion, 609 S.W.2d 370 (1980), this Court's opinion in *Newsome* was not officially published and should not be considered as authority. CR 76.28(4)(a) & (c). Nevertheless, this still does not settle the question before us.

In order to answer the question posed by the movant we believe that it is first necessary to consider the nature of a waiver order with respect to whether such an order is final and appealable. We are of the opinion that it is not. Although there are well-recognized exceptions, *see, e. g., Gabbard v. Lair*, Ky., 528 S.W.2d 675 (1975); *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978); and *Abraham v. Commonwealth*, Ky.App., 565 S.W.2d 152 (1977), an appeal ordinarily does not lie from an order which is interlocutory in nature. *Kilgore v. Commonwealth*, 310 Ky. 826, 222 S.W.2d 600 (1949). An interlocutory order has been defined as one which "does not finally determine or complete the action." *Id.* 222 S.W.2d at 601. An order of transfer from the juvenile to the circuit court clearly does not finally determine or complete the action. A waiver order is doubtless a matter of critical importance affecting the right of a minor accused of a crime to be treated as a child rather than as an adult. *See Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). However, an order of transfer does not finally foreclose such treatment because KRS 208.170(5)(a) and (b) permit the circuit court to remand the case to the juvenile court for a final determination upon recommendation of the grand jury or, even without such a recommendation, in the court's exercise of its discretion.

Furthermore, because effective means of challenging an improper waiver are available in the circuit court by appropriate motions questioning that court's jurisdiction or that of the grand jury, etc., there would seem to be no policy reason favoring a right of appeal. *Cf. Gabbard v. Lair, supra.* Faced with the not completely unanalogous situation of the transfer of a case from one circuit court to another, the Court in *Mercer v. Glass' Executor*, 89 Ky. 199, 12 S.W. 194 (1889), found that such an order was interlocutory. It observed that the general policy of the law is to prevent unnecessary appeals and that appellate courts should not be compelled to review cases by piecemeal. The Court went on to state:

> If an appeal could be taken from every order interlocutory in its character, and which is fraught with interest to the litigants, then useless delay and expense would often result, and the appellate courts would be burdened with unnecessary labor.

*Id.* at 195. It noted that the party alleging error in an interlocutory order might be successful upon the later trial, and that if not, he still has his remedy of appeal from the final judgment. In juvenile transfer cases these same possibilities exist, plus a chance to challenge the transfer in the circuit court by means other than appeal.

For the foregoing reasons we believe that an order of the district court transferring a juvenile's case to the circuit court under KRS 208.170 is not appealable.[1] Consequently, it is ORDERED that the motion for discretionary review be, and it is hereby, DENIED.

All concur.

---

1. In *Hall v. Commonwealth*, Ky., 525 S.W.2d 660 (1970), such an appeal had apparently been taken. The Court did not approve of this procedure but merely noted that it had taken place.