David BUCHANAN, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

June 15, 1983.

C. Thomas Hectus, Gittleman & Barber, Louisville, for movant.

Steven L. Beshear, Atty. Gen., William L. Davis, Asst. Atty. Gen., Frankfort, for respondent.

WILLIAM L. SULLIVAN, Special Justice.

Movant, at age 16, was charged with murder, robbery, rape, sodomy and kidnapping. Jefferson District Court, Juvenile Session, transferred the case to Jefferson Circuit Court to permit trial under the ordinary laws governing crimes. A direct appeal from the order waiving jurisdiction and transferring the case was dismissed by circuit court on the authority of *C.E.H. v. Commonwealth*, Ky.App., 619 S.W.2d 725 (1981). The Court of Appeals upheld the dismissal and this Court granted discretionary review. We now affirm the dismissal.

Movant urges that *KRS 208.380(1)* authorized a direct appeal from the order waiving jurisdiction in that the waiver order restrained the juvenile of his liberty. *KRS 208.380(1)* provides that:

An appeal to the circuit court may be taken as a matter of right from the juvenile session of the district court from all orders and judgments whereby any infant, or other person, shall be restrained of his liberty, or placed in the custody of any institution, or fined or punished in any manner. The appeal shall be taken in the manner provided in the Rules of Criminal Procedure, and the circuit court shall, in the best interest of the child, hear such cases as soon as reasonably possible.

It is the opinion of this Court that an order waiving jurisdiction does not restrain a juvenile of his liberty, or place him in the custody of any institution, or fine or punish him in any manner. The waiver order addresses only the question of jurisdiction to deal with the charge against the juvenile. On the issue of restraint of liberty a juvenile might fare better after a waiver order than before as he would then be entitled to bail under the ordinary laws relating to crimes. It is the charge against the juvenile that restrains his liberty and not the order establishing that circuit court shall deal with him. We therefore hold that *KRS 208.380(1)* does not authorize a direct appeal from an order waiving jurisdiction. It follows that the appeal to the Court of Appeals authorized by *KRS 208.380(3)* cannot include ultimate appeals from orders of juvenile court waiving jurisdiction.

In *C.E.H. v. Commonwealth of Kentucky,* supra, the Court held that an order of transfer from the juvenile to the circuit court is interlocutory in that the order "does not finally determine or complete the action." *Kilgore v. Commonwealth,* 310 Ky. 826, 222 S.W.2d 600 (1949). It was pointed out in *C.E.H.* that *KRS 208.-170(5)(a)* and *(b)* permit the circuit court to remand the case to the juvenile court for a final determination upon recommendation of the grand jury or, even without such a recommendation, in the court's exercise of its discretion. The opinion recited the availability of effective means of challenging an improper waiver in circuit court and of securing an appellate review of an adverse decision after judgment. The Court observed that fragmented appeals should be avoided and concluded that there was no policy reason favoring a right of direct appeal from an order of district court transferring a juvenile's case to circuit court under *KRS 208.170.* We agree.

There can be no question that a waiver order is of critical importance to a minor accused of crime. It can make the difference between a brief period of regenerative treatment and life imprisonment or even death. This Court is not unmindful of the rights of a juvenile in the proceeding through which the critical decision is reached. *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). It has been zealous in guarding those rights. *Hubbs v. Commonwealth,* Ky., 511 S.W.2d 664 (1974); *Hamilton v. Commonwealth,* Ky., 534 S.W.2d 802 (1976); *Baker v. Commonwealth,* Ky., 500 S.W.2d 69 (1973). But the question before us is not whether a juvenile can have appellate review of a decision affecting his rights, but when and how that review should take place.

Movant argues forcefully that most juveniles who are transferred from juvenile court will be "older" juveniles and that if they must await final judgment to appeal they may well have become adults before the appeal is decided. He points out that should reversible error be found in the transfer proceedings, the juvenile would have lost the benefit of treatment. He insists that if an appellate court were to remand for a new juvenile transfer process, there could be no meaningful hearing for a nineteen or twenty-year-old "child".

We do not agree that if an appellate court were to remand for a hearing *de novo* on waiver a juvenile, having become an adult, could not effectively reconstruct the circumstances which existed at the time of the waiver hearing. In *Kent v. United States,* supra, the petitioner had passed the age of 21 years and the Court remanded the case for a hearing *de novo* on waiver. In light of the age of majority which prevails in this Commonwealth and the ordinary time span of the appellate process, it is likely that a Kentucky juvenile who had been transferred to circuit court would be younger than 21 when his case was remanded.

It may be that some elements of regenerative treatment provided for children will be lost through denial of an immediate appeal of a waiver order. We think that this would be slight and, in any event, it must yield to the desirability of a speedy trial. Moreover, some advantage to the juvenile is preserved as a jury may give greater consideration to his tender years than they

would if, after appeal of the waiver order, he came to trial as an adult.

Movant points out that in *Holt v. Commonwealth*, Ky., 525 S.W.2d 660 (1975), the Court implied that a direct and immediate appeal was appropriate. In that case appellant was seeking post-conviction relief under *RCr 11.42.* He had litigated the issue of the waiver order in circuit court but did not appeal the final judgment of conviction. The opinion does imply that *KRS 208.380(1)* and *(3)* are applicable to waiver orders. The implication was unnecessary to the result in the case which was fully supported by appellant's failure to appeal following the final judgment of conviction. We do not construe *Holt v. Commonwealth* to authorize a direct and immediate appeal from a waiver order.

The judgment is affirmed.

STEPHENS, C.J., AKER, STEPHENSON and WINTERSHEIMER, JJ., and WILLIAM P. MULLOY, SR., BYRON L. HOBGOOD and WILLIAM L. SULLIVAN, Special Justices, sitting.

All concur.