Louis Winfrey BEARD, Appellant,

v.

COMMONWEALTH of Kentucky, ex rel., Phyllis SHAW, Appellee.

No. 93–SC–664–DG.

Supreme Court of Kentucky.

Dec. 22, 1994.

Samuel Manly, Louisville, Elmer J. George, Lebanon, for appellant.

Philip S. George, Jr., Lebanon, for appellee.

## MEMORANDUM OPINION OF THE COURT

This case presents an issue of appellate procedure concerning CR 76.20 and CR 73.02. This action began in district court, and an appeal was taken to circuit court as a matter of right. After the circuit court rendered its ruling, a notice of appeal pursuant to CR 73.02 was filed in the Court of Appeals. However, pursuant to CR 76.20, this pleading should have been a motion for discretionary review, since the circuit court was sitting as an appellate court when it rendered its ruling.

The Court of Appeals dismissed the action, finding that it had no jurisdiction. The Court stated that

"[pursuant to CR 76.20, review by the Court of Appeals of a judgment of a circuit court in a case appealed to it from a district court must be prosecuted by motion for discretionary review, consequently, this Court has no jurisdiction over this appeal. Further, the filing of a timely motion for discretionary review is jurisdictional. CR 73.02(2); CR 76.20(2)(d)."

The appellant presents two issues to this court. First, this court must determine whether the Court of Appeals had jurisdiction over the subject matter of the proceeding. Second, if there was jurisdiction over the subject matter, was the procedural requirement of CR 76.20(2) substantially complied with so as to invoke that jurisdiction?

■ The Court of Appeals does have subject matter jurisdiction over the case now presented to it so long as that jurisdiction has properly been invoked. Section 111 of the Kentucky Constitution states, "The Court of Appeals shall have appellate jurisdiction. . . . [I]t shall exercise appellate jurisdiction as provided by law." KRS 22A.020(5) states ". . . [a]ny party aggrieved by the judgment of the Circuit Court in a case appealed from a court inferior thereto may petition the Court of Appeals for a writ of certiorari."

This Constitutional provision demonstrates that the drafters of the Kentucky Constitution vested appellate jurisdiction in the Court of Appeals. KRS 22A.020(5) indicates the proper method of invoking that jurisdiction. In the case subjudice the procedural requirement of KRS 22A.020 and CR 76.20(2), however, was not met. Therefore, the jurisdiction of the Court of Appeals was not invoked.

Appellant argues, however, that the policy of substantial compliance should apply here.

We cannot agree that jurisdiction was invoked through substantial compliance to the procedural requirements.

■ This Court did adopt a policy of substantial compliance in *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986). However, "the doctrine of substantial compliance ... only applies to defects that are nonjurisdictional in nature." *City of Devondale v. S.J. Stallings*, Ky., 795 S.W.2d 954, 957 (1990).

Further, a notice of appeal may not serve to transfer jurisdiction to an appellate court, when a motion for discretionary review is called for by the rules. The purpose and function of these two different pleadings are significantly different. A notice of appeal serves to provide notice that an appeal is being pursued as a matter of right, while a motion for discretionary review is a *request* to an appellate court for it to exercise jurisdiction as a matter of election.

The Court of Appeals' dismissal is affirmed on the grounds that the jurisdiction of that Court was not properly invoked.

All concur.