RENDERED:  MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0692-DG

JOHN EDWARD ANDERSON            APPELLANT


ON REVIEW FROM HICKMAN CIRCUIT COURT
v.          HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 20-XX-00003


COMMONWEALTH OF KENTUCKY           APPELLEE


<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

DIXON, JUDGE:  John Edward Anderson is before the Court on discretionary review from the Hickman Circuit Court's order affirming his conviction of theft by failure to make required disposition of property.  After careful review of the briefs, record, and law, we dismiss this action pursuant to the Fugitive Disentitlement Doctrine (FDD).

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

After a bench trial, Anderson was found guilty of theft by failure to make required disposition of property[1] and was subsequently sentenced by the Hickman District Court on August 17, 2020, to 180 days, 60 days to serve and the balance conditionally discharged for two years. Anderson was ordered to report to jail by September 14, 2020, to begin service on his conviction. He failed to comply, and a bench warrant was issued on September 16, 2020. Despite having absconded, Anderson, through counsel, timely appealed his conviction, and the Hickman Circuit Court affirmed by a May 18, 2021, opinion.

Thereafter, Anderson sought discretionary review from this Court. On September 13, 2021, the Commonwealth sought dismissal of this action under the FDD based on Anderson's ongoing fugitive status. Anderson subsequently surrendered himself to the jail and implored this Court to grant discretionary review. On November 30, 2021, a panel of this Court denied the Commonwealth's motion, and discretionary review was ultimately granted.

**LEGAL ANALYSIS**

In its brief, the Commonwealth renews its contention that this action should be dismissed under the FDD. In response, Anderson argues the issue was waived by the Commonwealth's failure to file a motion to reconsider the order

---

[1] Kentucky Revised Statutes (KRS) 514.070.

denying relief, pursuant to RAP[2] 43(D).[3] We, however, disagree. Though

Anderson is correct that this rule permits the filing of reconsideration motions,

neither the RAP nor the prior rule mandate that the failure to do so constitutes a

waiver. Further, as the Commonwealth notes, it has long been recognized that

"[t]his Court retains authority to review decisions on motion panel that do not

finally dispose of the case[.]" *Commonwealth Bank & Tr. Co. v. Young*, 361

S.W.3d 344, 350 (Ky. App. 2012); *see also Knott v. Crown Colony Farm, Inc.*, 865

S.W.2d 326, 329 (Ky. 1993). Accordingly, we now turn to the merits of the

Commonwealth's claim.

"The [FDD] recognizes the principle that when a criminal defendant

absconds and remains a fugitive during his or her appellate process, dismissal of

the appeal is an appropriate sanction." *Commonwealth v. Hess*, 628 S.W.3d 56, 57

(Ky. 2021). In our interlocutory order declining to apply the FDD, we reasoned:

> This case is distinguishable from *Hess* because
> [Anderson] has not *remained* a fugitive. He has
> surrendered at this point. The Supreme Court of the
> United States stated that it could not accept an expansion
> of the FDD "that would allow an appellate court to
> sanction by dismissal any conduct that exhibited
> disrespect for any aspect of the judicial system, even
> where such conduct has no connection to the course of

---

[2] Kentucky Rules of Appellate Procedure.

[3] This action was briefed prior to the January 1, 2023, adoption of the RAP. However, as the prior rule, Kentucky Rule of Civil Procedure 76.38, was substantially similar, we have elected to reference the RAP in the interest of clarity.

the appellant proceedings." *Ortega-Rodriguez v. U.S.*, 507 U.S. 234, 246 (1993).

In response, the Commonwealth asserts *Ortega-Rodriguez* is distinguishable, the defendant in that case having been returned to custody prior to his appeal, and the interlocutory order is otherwise inconsistent with our holding in *Collins v. Commonwealth*, No. 2017-CA-2022-MR & 2017-CA-2044-MR, 2021 WL 4024429 (Sep. 3, 2021).[4]  In that case, Collins twice absconded from supervision while his appeal contesting the revocation of his probation was pending; though, like Anderson, Collins was apprehended prior to the resolution of his appeal. *Id.* at *1.  Applying *Hess*, 628 S.W.3d 56, the Court concluded that since Collins had largely absented himself from the appellate process, the FDD applied, and the appeal was dismissed. *Collins*, 2021 WL 4024429, at *2.  Hence, the Commonwealth reasons that dismissal is likewise appropriate herein.

Not disputing the Commonwealth's claims, Anderson nevertheless maintains that the FDD is not applicable under these facts because, unlike *Hess* and *Collins* which involved appeals secured only by statute, the appeal of his conviction is guaranteed by Section 115 of the Kentucky Constitution.  Because the characterization of Anderson's appeal as constitutional is incorrect, we disagree.

---

[4] Though *Collins* was rendered prior to the November 30, 2021, order at issue herein, the opinion did not become final until December 21, 2021.

As recognized by the Court in *Hess*, Section 115 of the Kentucky Constitution[5] "confers to a defendant a single, direct appeal as a matter of right." 628 S.W.3d at 59-60 (citing *Hollon v. Commonwealth*, 334 S.W.3d 431, 435 (Ky. 2010) (single appeal as a matter of right) and *Moore v. Commonwealth*, 199 S.W.3d 132, 137 (Ky. 2006) (first appeal is a matter of constitutional right)). In satisfaction of this right, Anderson exercised without infringement a direct appeal to the Hickman Circuit Court of his Hickman District Court conviction. At issue herein is Anderson's entitlement to discretionary review which, as indicated by the name, is not a right secured by the Constitution but is instead granted solely as a matter of judicial discretion pursuant to RAP 44.[6] *See Beard v. Com. ex rel. Shaw*, 891 S.W.2d 382 (Ky. 1994). Thus, Anderson's claim that the FDD is not applicable is unavailing.

The FDD is an acknowledgment of the court's discretion to dismiss non-constitutional appeals in order to prevent a defendant from realizing a reward under the rules of the legal system from which he has simultaneously absented himself. *Hess*, 628 S.W.3d at 61. We agree with the Commonwealth that our interlocutory order disregarded the fact that Anderson sought the benefit of

---

[5] "In all cases, civil and criminal, there shall be allowed as a matter of right *at least one* appeal to another court[.]" (Emphasis added.)

[6] Formerly codified at CR 76.20.

discretionary review while a fugitive from the legal system. Consequently, the FDD applies and dismissal is within our discretion. We further conclude that dismissal is appropriate given Anderson's evasion of the underlying sentence for approximately one year and the reasonable inference that his surrender was motivated entirely by his desire to escape the repercussions of that decision. Echoing the Court in *Hess*, this action "is a perfect example of when the FDD should be applied since it is fundamentally offensive that a person who has removed [him]self from the justice system should potentially reap its benefits should the appellate process decide in [his] favor. [Anderson's] actions are exactly what the FDD intended to prevent." *Id* at 59.

## CONCLUSION

Therefore, and for the foregoing reasons, it is hereby ORDERED that this appeal be, and it hereby is, DISMISSED.

ALL CONCUR.

ENTERED: _____

_____
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Brian D. Morrow
Assistant Attorney General
Frankfort, Kentucky