RENDERED:  SEPTEMBER 29, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0664-MR

LINDA DAY, AS EXECUTRIX OF
THE ESTATE OF ELTA RENFROW                                    APPELLANT


                      APPEAL FROM GRAYSON CIRCUIT COURT
v.                    HONORABLE BRUCE T. BUTLER, JUDGE
                      ACTION NO. 23-XX-00002


LORETTA FILIP, INDIVIDUALLY
AND AS EXECUTRIX OF THE
ESTATE OF JOSEPH RANDALL
RENFROW                                                       APPELLEE

<u>OPINION AND ORDER</u>
<u>DISMISSING APPEAL</u>

* * * * * *

BEFORE:  CALDWELL, COMBS, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  On May 26, 2023, Appellant Linda Day, as Executrix of the

Estate of Elta Renfrow, filed a notice of appeal from an opinion and order of the

Grayson Circuit Court, entered on May 2, 2023, dismissing Day's appeal from an

order of January 4, 2023, entered by the Grayson District Court.  On June 8, 2023,

this Court directed Day to show cause why this appeal should not be dismissed as

proceeding improperly because Day should have filed a motion for discretionary review from the opinion and order of May 2, 2023. Day filed a response on June 28, 2023.

The underlying case arises from an action initiated in the Grayson District Court for probate claims. On January 4, 2023, the Grayson District Court entered an order granting the final settlement of the Estate of Elta Renfrow and denying Day's claim against the Estate. Day filed an appeal from the order of January 4, 2023, to the Grayson Circuit Court. On May 2, 2023, the Grayson Circuit Court dismissed Day's appeal on the ground that it could not grant the specific relief requested. On May 26, 2023, Day filed a notice of appeal to this Court from the opinion and order of May 2, 2023.

This Court exercises discretionary jurisdiction over cases originating in district court and heard on appeal by the circuit court. *See Commonwealth v. Hurd*, 612 S.W.2d 766 (Ky. App. 1981). KRS[1] 22A.020(1) provides that a litigant may appeal "as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case, in Circuit Court, . . . *unless* such conviction, final judgment, order, or decree was rendered on an appeal *from a court inferior to Circuit Court*." (Emphasis added.) Furthermore, a litigant must file certain procedural devices to invoke this Court's appellate or discretionary jurisdiction.

---

[1] Kentucky Revised Statutes.

Further elucidation of this issue is warranted for counsel and the bar as to the potential pitfalls in civil practice.

To request the Court of Appeals to exercise its discretionary jurisdiction, a litigant must file a motion for discretionary review, previously known as a writ of certiorari. KRS 22A.020(5); RAP[2] 44(A). The motion for discretionary review must be filed with the Clerk of the Court of Appeals within thirty (30) days from the date of entry of the circuit court judgment. *See* RAP 44(B)(1). Most importantly, the filing of a timely motion for discretionary review is jurisdictional. *See* RAP 44(B)(3) ("The failure of a party to file a motion for discretionary review within the time specified in this rule, or as extended by a previous order, shall result in a dismissal of the motion for discretionary review.").

Because the filing of a motion for discretionary review is jurisdictional, "a notice of appeal may not serve to transfer jurisdiction to an appellate court, when a motion for discretionary review is called for by the [Rules of Appellate Procedure]." *Beard v. Com. ex rel Shaw*, 891 S.W.2d 382, 383 (Ky. 1994) (holding that an appellant failed to invoke the Court of Appeals' appellate jurisdiction where he filed a notice of appeal rather than a motion for discretionary review). Although this Court adopted a policy of substantial compliance in *Ready v. Jamison*, 705 S.W.2d 479 (Ky. 1986), "the doctrine of substantial compliance

---

[2] Kentucky Rules of Appellate Procedure.

-3-

. . . only applies to defects that are nonjurisdictional in nature." *Beard*, 891 S.W.2d at 383 (citing *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990), *superseded by rule as stated in Mahl v. Mahl*, 671 S.W.3d 140 (Ky. 2023)). Moreover, the distinctions between a notice of appeal and a motion for discretionary review are not mere technicalities or traps for the unwary.

"The purpose and function of [a notice of appeal and a motion for discretionary review] are significantly different." *Id.* A notice of appeal gives notice that a litigant seeks an appeal as a matter of right whereas a motion for discretionary review requests an appellate court to exercise its appellate jurisdiction as a matter of judicial discretion. *Id.*

In the case *sub judice*, Day filed an appeal to the Grayson Circuit Court from an order granting a final settlement and denying her claim against the Estate entered by the Grayson District Court. On May 2, 2023, the circuit court entered an order dismissing the appeal. That ended Day's appeal as a matter of right. Any subsequent appeal would be at the judicial discretion of this Court.

On May 26, 2023, Day filed a notice of appeal attempting to invoke this Court's appellate jurisdiction. The notice of appeal, however, was not the proper procedural device to request this Court to exercise its appellate jurisdiction over a case originating in district court. Therefore, Day failed to invoke this Court's jurisdiction as required by KRS 22A.020(5).

Having reviewed the record and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that the Court FINDS INSUFFICIENT CAUSE

SHOWN to allow the appeal to proceed. The above-styled appeal shall be, and

hereby is, DISMISSED.

ALL CONCUR.

ENTERED: September 29, 2023_ _____

JUDGE, COURT OF APPEALS

ATTORNEY FOR APPELLANT:

Earlene Racquel Whitaker
Leitchfield, Kentucky

ATTORNEYS FOR APPELLEE:

Alton Lee Cannon
Joseph Michael Harris, Jr.
Leitchfield, Kentucky