**Douglas Anthony HOLT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 6, 1975.

Grant M. Helman, Kurt Berggren, Louisville, Dudley P. Spiller, Jr., Washington, D. C., for appellant.

Ed W. Hancock, Atty. Gen., Raymond M. Larson, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Douglas Anthony Holt appeals from an order denying him post-conviction relief under RCr 11.42. We affirm.

On November 11, 1972, Holt was charged with willful murder and armed robbery. At the time he was 17 years of age and thus within the purview of KRS 208.020.

On January 11, 1973, after an evidentiary hearing the Juvenile Division of the Jefferson County Court entered a judgment waiving jurisdiction to the Jefferson Circuit Court, Criminal Division, under the authority of KRS 208.170.

On February 6, 1973, Holt was indicted for murder and armed robbery of H. Devaughn Pratt.

Holt appealed to the Jefferson Circuit Court challenging the validity of the juvenile court order waiving jurisdiction. The appeal was denied May 10, 1973. Holt further challenged the waiver order first by seeking to quash the indictment and then by applying to this court for a writ of prohibition to prohibit his prosecution in the Jefferson Circuit Court. These requests for relief were denied April 26, 1973, and June 12, 1973, respectively.

On October 2, 1973, with counsel present, Holt pleaded guilty to charges of voluntary manslaughter and armed robbery and was sentenced to 21 years on each charge, with the sentence on the armed robbery charge being withheld on condition that he remain on good behavior for five years after his release from the penitentiary on the voluntary manslaughter sentence.

Holt sought post-conviction relief under RCr 11.42 and his motion was denied June 21, 1974. It is from the order denying that motion that Holt appeals.

█ This appeal complains of the propriety of the order waiving jurisdiction. Appellant asserts that he was denied his right to appeal the waiver order of the juvenile court. This contention is clearly refuted by the record. Appellant was granted an appeal to the Jefferson Circuit Court. An order entered by the Jefferson Circuit Court on May 10, 1973, stated:

"This case coming on, and having been heard, attorney for the defendant being present, Commonwealth Attorney Edward Clark being present, and arguments having been presented, it is hereby ordered and adjudged that the appeal of the defendant from the judgment of the Jefferson County Court, Juvenile Division be and hereby is overruled."

Further, it is appropriate to note that KRS 208.380(3) provides:

"Any party aggrieved by the appellate decision of the circuit court made pursuant to subsection (1) may by right appeal to the Court of Appeals in the manner provided by the Rules of Criminal Procedure. . . ."

Appellant did not directly appeal to this court the May 10, 1973, judgment of the Jefferson Circuit Court overruling his appeal. Neither did he directly appeal the final judgment of conviction entered October 2, 1973.

Appellant further asserts that his constitutional rights of due process under the Fourteenth Amendment to the U. S. Constitution were violated and that the requirements of KRS 208.170 were circumvented by the failure of the juvenile court to state in the order of January 11, 1973, reasons for its waiver of jurisdiction. We are not unmindful of the holdings in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Whitaker v. Commonwealth, Ky., 479 S.W.2d 592 (1972); Hopson v. Commonwealth, Ky., 500 S.W.2d 792 (1973); Risner v. Commonwealth, Ky., 508 S.W.2d 775 (1974); and Hubbs v. Commonwealth, Ky., 511 S.W.2d 664 (1974), all of which relate to the requirement that the record of the juvenile court waiving jurisdiction should set forth reasons for the waiver.

█ We are of the opinion that the complaints here asserted could and should have been presented timely pursuant to RCr 12.54. They were not. Appellant litigated the alleged errors and did not raise the issues by a properly prosecuted appeal; therefore, he may not now be heard any more than if this were a second application for post-conviction relief which contained complaints that could have been raised in an initial application. See Hampton v. Commonwealth, Ky., 454 S.W.2d 672 (1970). RCr 11.42 is not a substitute for appeal. Harris v. Commonwealth, Ky., 441 S.W.2d 143 (1969).

We have reviewed the record and find that all other issues raised by appellant are without merit.

*The judgment is affirmed.*

All concur.