**COMMONWEALTH of Kentucky, Movant,**

v.

**Greg Allen IVEY, Respondent.**

**Greg Allen IVEY, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

May 13, 1980.

Jack Emory Farley, Public Advocate, C. Thomas Hectus, Asst. Public Advocate, Frankfort, for Greg Allen Ivey.

Robert F. Stephens, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Frankfort, for Commonwealth of Kentucky.

LUKOWSKY, Justice.

Ivey was convicted in the Fayette Circuit Court of burglary, detaining a female, malicious striking and wounding, and armed robbery. Upon appeal, he complained that he was denied a speedy trial and that he was improperly tried as an adult rather than as a juvenile. The convictions were affirmed by the Court of Appeals in *Ivey v. Commonwealth*, Ky.App., 550 S.W.2d 185 (1977). No motion for discretionary review by this court was made.

The primary question presented is whether the public advocacy statutes require the appointment of counsel upon request of a "needy person" to represent him in RCr 11.42 proceedings. We hold that the legislature has so provided.

Ivey presented the principal issue in this case by way of a CR 60.02 motion to set aside or to amend the order in the RCr 11.42 proceeding on the ground that the circuit court had improperly refused to appoint counsel for Ivey when so requested pursuant to KRS 31.110. The circuit court had ruled it was unnecessary to appoint counsel for Ivey pursuant to RCr 11.42(5) because the pleadings did not raise a material issue of fact. However, the CR 60.02 motion and supporting memorandum raised the question of statutory requirement to provide counsel for needy persons in post-conviction proceedings upon request. To deny counsel to such a person was error.

KRS 31.110 provides:

"(1) A needy person who . . . is being detained under a conviction of a serious crime, is entitled:

(a) To be represented by an attorney to the same extent as a person having his own counsel is so entitled; . . .

. . . . .

(2) A needy person who is entitled to be represented by an attorney under subsection (1) is entitled:

. . . . .

(c) To be represented in any other post-conviction proceedings that the *attorney* and the *needy person* considers [sic] appropriate. However, if the *counsel appointed* in such post-conviction remedy, with the *court involved*, determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense, there shall be no further right to be represented by counsel under the provisions of this chapter." (emphasis added)

The provision for appointment of counsel found in RCr 11.42(5) was intended to set the minimum standard for post-conviction relief proceedings. The legislature could and did provide for a more generous policy of appointing counsel for indigents, an action which is entirely consistent with its control of the purse strings of the Commonwealth.

RCr 11.42(3) provides: "The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have

been presented in the same proceedings." This rule has been consistently interpreted to bar successive motions under 11.42. *See, e. g., Butler v. Commonwealth,* 473 S.W.2d 108 (1971); *Case v. Commonwealth,* 467 S.W.2d 367 (1971); *Hampton v. Commonwealth,* Ky., 454 S.W.2d 672 (1970). Without the assistance of counsel Ivey could be effectively precluded from raising valid grounds by failure to include such grounds at the time of his first motion. This inequity between the needy and the affluent is cured by the statute.

It is our opinion that KRS 31.110 and RCr 11.42 are complementary and clearly provide for appointment of counsel in the situation presented here.

This case is also before us on review of the Court of Appeals decision upholding the judgment of the Fayette Circuit Court denying Ivey post-conviction relief under RCr 11.42. The facts and applicable law were stated succinctly in the opinion of the Court of Appeals and we adopt portions of that opinion:

"In April, 1978, Ivey moved pro se, pursuant to RCr 11.42 to vacate his convictions on two grounds. First, appellant alleged that he was improperly waived from the juvenile court to the circuit court. Second, appellant claims that the circuit court was without jurisdiction to try him as the prosecution was in violation of the Interstate Agreement on Detainers. KRS 440.450. This motion was overruled, and this appeal results.

■ It is our opinion that *Bronston v. Commonwealth,* Ky., 481 S.W.2d 666, 667 (1972), is dispositive of both grounds which were the basis of this motion pursuant to RCr 11.42. That case states that an appellant cannot utilize such a motion to try or retry 'issues which could and should have been raised in the original proceedings . . where the grounds of his motion are matters which must have been known to him at the time of trial.'

Additionally, in regard to the juvenile waiver, this issue was presented to the lower court in a motion to dismiss filed May 4,

1976, and ruled adversely to the appellant on May 7, 1976, prior to appellant's trial. This adverse ruling was not appealed to this Court on the first appeal. The court in *Holt v. Commonwealth,* Ky., 525 S.W.2d 660, 661 (1975), makes our course clear when it states: 'Appellant litigated the alleged errors and did not raise the issues by a properly prosecuted appeal; therefore, he may not now be heard . . . .'

Although the issue in *Holt, supra,* was a waiver after hearing and it is alleged here that no hearing was held, the jurisdiction in this case was clearly brought into focus by the motion to dismiss and not properly raised on direct appeal.

Accordingly, the ruling of the Fayette Circuit Court pursuant to the motion under RCr 11.42 is affirmed."

The decision of the Court of Appeals is affirmed, the judgment of the Fayette Circuit Court is affirmed in part and reversed in part and the cause is remanded to the trial court with directions to appoint counsel for Ivey and permit him to present for adjudication supplementary grounds for RCr 11.42 relief.

All concur, except STEPHENS, J., who did not sit.