**Daniel Jackson SULLIVAN, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Aug. 31, 1983.

Frank W. Heft, Jr., Chief Appellate Defender, Michael C. Lemke, Deputy Appellate Defender, Jefferson District Public Defender, Louisville, for movant.

Steven L. Beshear, Atty. Gen., Linda Carnes Wimberly, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENSON, Justice.

Daniel Jackson Sullivan filed an RCr 11.-42 motion alleging ineffective assistance of counsel. The trial court denied Sullivan's motion for a transcript of the trial which resulted in his conviction. (An appeal had been waived by Sullivan.) The Court of Appeals held that Sullivan was entitled only to a transcript of that limited portion of the evidence that would afford him an adequate review of the allegations contained in his RCr 11.42 motion. We affirm.

Sullivan filed a pro-se motion to vacate judgment pursuant to RCr 11.42. The trial court denied the motion without a hearing. The Court of Appeals vacated and remanded. This court granted discretionary review and affirmed the Court of Appeals' decision and remanded "to the trial court with directions to appoint counsel for Sullivan and permit him to present for adjudica-tion grounds for RCr 11.42 relief." In accordance with this direction, counsel was appointed for Sullivan. Then a motion was filed by appointed counsel for funds to obtain a trial transcript of evidence. Sullivan had been tried with two other defendants, and Sullivan and his co-defendants had waived the right to appeal.

The trial court denied Sullivan's request for a transcript of the evidence at trial. On appeal of this order the Court of Appeals reversed in part, ordering the trial court to make available to Sullivan only those limited portions of the evidence relevant to the specific allegations contained in the RCr 11.42 motion. We granted discretionary review to consider the scope of transcript to which Sullivan should be entitled.

The opinion of the Court of Appeals observed that Sullivan's allegations as to procedures surrounding the arrest and extradition, the failure to file certain pre-trial and post-trial motions and communications with counsel outside the presence of the court would not even appear in the transcript of evidence.

Further the opinion observed that the ineffective assistance of counsel issue addressed to contentions trial counsel failed to object to or move to suppress the display of "mug shots," certain identification evidence and evidence as to hair and blood type and fingerprints, could be determined by transcribing only the portions of the trial transcript relevant to a disposition of those issues.

Sullivan argues this limited order for a transcript denies his appointed counsel the opportunity to fully and effectively prepare grounds for RCr 11.42 relief. This argument is based on directions contained on remand of the case where we directed *that counsel be appointed for Sullivan and permit him to present for adjudication grounds for RCr 11.42 relief.* We reject this argument. The directions on remand contemplate that appointed counsel should present the grounds for relief contained in the RCr 11.42 to the trial court in proper form. The pro-se RCr 11.42 motion is referred to by all sides, but apparently is no longer in the

record save for the statements with regard to it in briefs of the parties.

The Court of Appeals' opinion properly limited Sullivan to necessary portions of the transcript pertaining to his RCr complaints. We do not believe this holding is in conflict with *Ivey v. Commonwealth,* Ky., 599 S.W.2d 456 (1980). The Court of Appeals decided the issue before it, and there is nothing to suggest that the trial court would not follow the holding in *Ivey.*

*Gilliam v. Commonwealth,* Ky., 652 S.W.2d 856 (1983) observes that "the stated purpose of the rule is to provide a forum for known grievances, not to provide an opportunity to research for grievances." *Ivey* was never intended as a vehicle to permit exploration to see if there were grounds for RCr 11.42. *Ivey* is limited to its specific holding of the right to appointed counsel and assistance of counsel in preparing an RCr 11.42 motion on grounds known by the person asking relief.

The decision of the Court of Appeals is affirmed.

All concur.