LEIBSON, Justice.
 

 In August, 1977 in Christian Circuit Court, Melvin Stamps pled guilty and was convicted of a felony, knowingly receiving stolen property of a value over $100. He was sentenced to one year probated for five years. This is an RCr 11.42 proceeding attacking the validity of that conviction, begun in August, 1982.
 

 In July, 1980 Stamps was convicted by a jury on charges of first-degree burglary and for being a persistent felony offender. His sentence as enhanced by the persistent felony conviction was twenty years. Three days later the court revoked his probation on the 1977 one year sentence for knowingly receiving stolen property and ordered it to run consecutively to the twenty year sentence for first-degree burglary.
 

 In another case, Stamps appealed his 1980 conviction for burglary and for being a persistent felon and this has been affirmed. Also Stamps has collaterally attacked, so far unsuccessfully, the other felony conviction underlying his 1980 conviction as a persistent felon.
 

 In the present case, the trial court overruled his RCr 11.42 motion. He appealed claiming the trial court erred (1) in denying him an evidentiary hearing on his RCr 11.-42 motion, and (2) in refusing his motion for appointed counsel to represent him in the RCr 11.42 proceedings. The Court of Appeals affirmed the action of the trial court in denying an evidentiary hearing and overruling the RCr 11.42 motion as to the grounds stated therein, citing
 
 Maggard v. Commonwealth,
 
 Ky., 394 S.W.2d 893 (1965). But the Court of Appeals sustained Stamps’ argument that he was entitled to the assistance of counsel, stating that it was “appropriate/necessary that the trial court appoint counsel and permit appellant to present for adjudication any supplementary grounds that might reasonably appear for RCr 11.42 relief,” citing
 
 Commonwealth v. Ivey,
 
 Ky., 599 S.W.2d 456 (1980), as authority mandating such a result.
 

 The Commonwealth moved for discretionary review of whether the Court of Appeals was required to remand the case for appointment of counsel to further pursue RCr 11.42 possibilities. We hold that in the circumstances of this case it was not reversible error for the trial court to refuse to appoint counsel to assist Stamps in his
 
 *338
 
 RCr 11.42 motion and that the remand was unnecessary. We reverse the Court of Appeals and affirm the trial court.
 

 RCr 11.42 was intended to provide post-conviction relief to persons under sentence or on probation or parole who feel aggrieved by errors in the process which led to their conviction that cannot be reached by direct appeal.
 
 Smith v. Commonwealth,
 
 Ky., 412 S.W.2d 256, cert. denied, 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155 (1967). It was never intended as a defense to a persistent felony charge and the legal system has been badly abused by the misuse of the rule for this unintended purpose.
 

 “As is true in so many of this type of case, an appellant finds no fault with his initial or earlier criminal proceedings but when he is released from confinement and continues his life of illegal activities with its attendant persistent felony offender charge, then, an only then, does it occur that the accused has been denied due process.”
 
 Alvey v. Commonwealth,
 
 Ky., 648 S.W.2d 858, 859 (1983).
 

 We have recently confronted the problem of how and when to provide an accused charged as a persistent felon an opportunity to challenge the previous convictions. In
 
 Alvey, supra,
 
 and in
 
 Commonwealth v. Gadd,
 
 Ky., 665 S.W.2d 915 (1984), we have approached the problem as follows:
 

 1) In
 
 Alvey
 
 we held that “this jurisdiction requires (a defendant) to raise any issues about the validity of those earlier convictions at the time he is tried as a persistent felon. If he does not, he is precluded from contesting the validity of the earlier convictions in subsequent post-conviction proceedings.” 648 S.W.2d at 859.
 

 2) In
 
 Gadd
 
 we held that it is “unreasonable to suggest” the defendant now under indictment for a new offense and as a persistent felony offender, and often in custody on the new charge, should go back to the court where he was previously convicted for a collateral attack on the previous conviction. We then held that:
 

 “The defendant is apprised of the previous conviction that will be used against him by the face of the indictment. At this point, he should challenge by motion any conviction so appearing if he has evidence that it was obtained by means constitutionally impermissible. The decision to be made is one which is preliminary in nature. The question of some underlying constitutional invalidity should be raised by the defendant and decided before the trial as a threshold issue to the admissibility of the evidence of [the previous] conviction at the trial itself.” 665 S.W.2d at 918.
 

 Stamps points to the fact that in
 
 Alvey
 
 the defendant had served a portion of his sentence for the previous felony and was then paroled, whereas Stamps was probated upon conviction, as distinguishing his case from
 
 Alvey.
 
 He argues that Alvey was immediately aggrieved by incarceration, whereas Stamps had no need to be concerned about the earlier conviction until subsequently charged as a persistent felony offender. Stamps’ argument simply highlights the fact that he was apparently satisfied with the validity of his earlier conviction until he was charged as a persistent felony offender.
 

 The effect of
 
 Alvey
 
 is to establish that a defendant who fails to attack the validity of a previous felony conviction at the time he is subsequently indicted as a persistent felon has waived his right to raise the issue post-trial by an RCr 11.42 proceeding attacking the earlier conviction. He is provided a forum by a preliminary hearing before his trial as a persistent felon and that is enough.
 

 In the present case Stamps contends that against his wishes his attorney at the PFO trial stipulated the validity of his earlier conviction. We are not aware that there is any validity to Stamps’ claim that his counsel in the PFO proceedings was incompetent, but any question in this respect belongs in a collateral attack on the PFO trial, not in the present case.
 

 
 *339
 
 Unfortunately, holding that the action on behalf of Stamps in stipulating the validity of the present conviction at the PFO proceedings is a waiver of his right to maintain the present RCr 11.42 motion does not conclude the issues on this appeal. Stamps is also serving a one year sentence for knowingly receiving stolen property, imposed upon revocation of probation, and his RCr 11.42 motion is also a claim for relief as to this additional sentence.
 

 Thus we are squarely confronted with whether our decision in
 
 Commonwealth v. Ivey, supra
 
 at p. 337, mandates automatic reversal in every case where a defendant proceeding in forma pauperis has filed an RCr 11.42 proceeding and requested the appointment of counsel, but the trial court has failed to provide one. KRS 31.110 provides for the appointment of counsel at public expense whenever a “needy person” is entitled to be represented by an attorney. In
 
 Ivey
 
 we hold that “KRS 31.110 and RCr 11.42 are complimentary and clearly provide for appointment of counsel in the situation presented.” 599 S.W.2d at 458. But an RCr 11.42 proceeding is not a direct appeal with a constitutional right to an attorney.
 
 Ross v. Moffitt,
 
 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Such right to counsel for a needy person as exists in an RCr 11.42 proceeding is provided by rule and by statute.
 

 The Rule provides for appointed counsel “If the answer raises a material issue of fact that cannot be determined on the face of the record_” RCr 11.42(5). As interpreted by this Court in
 
 Ivey,
 
 the statute is broader. It provides for appointment of counsel on all RCr 11.42 motions where the movant so requests. Nevertheless, our rule of construction when dealing with a procedural matter mandated by statute for a criminal case is that “We do not believe the legislature intend(s) the statute to be construed so as to reach an absurd result.”
 
 Calloway v. Commonwealth,
 
 Ky., 550 S.W.2d 501 (1977).
 

 Recently, in
 
 Gilliam v. Commonwealth,
 
 Ky., 652 S.W.2d 856 (1983), the appellant sought a transcript of his trial and guilty plea
 
 “preparatory
 
 to filing an RCr 11.42 motion.” The trial court denied the request and we affirmed, stating that the holding in
 
 Ivey
 
 “does not provide a mechanism to search for unknown grievances.” 652 S.W.2d at 858.
 

 In the present case the Court of Appeals held:
 

 “The record discloses the trial court reviewed the matters [raised by the RCr 11.42 motion] fully with appellant before accepting a guilty plea and has met the test of
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).”
 

 The Court of Appeals has correctly held that an examination of the record at the time the guilty plea was taken shows that an evidentiary, hearing is totally unnecessary. Indeed, after examination of the record, the trial court correctly concluded that application for RCr 11.42 relief in this case is an exercise in futility. Likewise, remanding this case for appointment of counsel to search for supplementary grounds for RCr 11.42 relief is also an exercise in futility. In such circumstances, the trial court’s failure to follow the statutory mandate of KRS 31.110 is harmless error. As stated in
 
 Commonwealth v. Donovan,
 
 Ky., 610 S.W.2d 601, 602 (1980):
 

 “No prejudice has been shown to flow from this spring of error and, certainly, none may be presumed .... Error without prejudice is disregarded. RCr 9.24.”
 

 We hold that in the circumstances of this case the trial court’s failure to appoint counsel for the RCr 11.42 motion was harmless error.
 

 All concur.