856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary E. HARRISON, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 88-5303.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1988.
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 4
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 This pro se Kentucky state prisoner appeals the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 6
 In 1972, petitioner pled guilty to voluntary manslaughter and was sentenced to ten years imprisonment. In the present petition, he sought to attack the validity of the 1972 conviction because it was used as the basis for a 1986 persistent felony offender (PFO) indictment. The charge was ultimately dismissed. Petitioner argued that the 1972 plea was involuntary and he received ineffective assistance of counsel. The district court dismissed the petition finding that petitioner was barred from challenging the 1972 conviction because he had not complied with a state procedural rule. Upon review, we shall affirm the district court's judgment.
 
 
 7
 Petitioner is barred from challenging the validity of the 1972 conviction because he did not give the Kentucky state courts a fair opportunity to pass upon his claims. In Kentucky, a defendant who failed to attack the validity of a previous felony conviction at the time he is subsequently indicted as a persistent felon has waived his right to challenge the conviction in a post-trial collateral proceeding. See Commonwealth v. Stamps, 672 S.W.2d 336, 338 (Ky.1984); Alvey v. Commonwealth, 648 S.W.2d 858, 859 (Ky.1983). In this case, the record discloses that in 1982 petitioner pled guilty to a PFO charge. Because petitioner did not challenge the 1972 conviction during the 1982 PFO proceeding, he is barred from doing so now because he has not demonstrated cause and prejudice to excuse the procedural default. Engle v. Isaac, 456 U.S. 107 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation