RENDERED:  AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1046-MR

PAUL E. TAYLOR                                                          APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 17-CR-00613

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Paul Everett Taylor appeals from the denial of his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion in which he alleged ineffective assistance of counsel.  He argues that the trial court erred in not appointing him counsel to assist him during a RCr 11.42 hearing.  We find that the trial court did err in this case, but that it was harmless error.

## FACTS AND PROCEDURAL HISTORY

On April 10, 2017, parole officer Courtney Turpin received an anonymous "community complaint phone call" alleging that Taylor had been selling heroin at his residence. The caller specifically alleged that her family member had died after using heroin purchased from Taylor. Officer Turpin and another parole officer, Roger Copher, went to Taylor's residence to perform a home visit.

When they arrived, the officers observed two men standing by the mailbox and a woman cleaning a glass window near the front door. Both officers testified that they believed the woman was Taylor's wife. As they approached, they heard someone say, "P.O.'s here." The officers then heard Taylor's voice respond, "Who?" As they neared the front door, the officers observed Taylor go down a hallway and toward the back of the home in a "jogging" manner. After the officers knocked on the front door, an unknown man exited the house, and the woman told the officers that they could enter the home.[1]

After entering the home, multiple items of suspected contraband were found. A search warrant was eventually secured, and a full search of the home was conducted. Discussion of the details of those searches is unnecessary, as the only issue before us today is whether the parole officers' entry into the home was lawful. The searches of the home produced multiple bags of heroin, as well as digital scales, an iPhone 6s, over $18,000.00 in currency, and bags of synthetic marijuana.

Taylor filed a motion to suppress the evidence found in the home as fruits of an illegal entry into the home. The trial court held a suppression hearing at which Parole Officers Turpin and Copher, as well as

---

[1] The issue of consent is part of this current appeal. Appellant claims that his wife did not give consent to the officers to enter the residence.

> Lexington Police Detective Danny Page, testified. Near the conclusion of the suppression hearing, defense counsel conceded that there was reasonable suspicion to search the residence once the officers were inside. However, counsel contested the validity of the alleged consent to enter the home, the existence of reasonable suspicion, and the validity of the anonymous phone call that prompted the home visit.
>
> . . .
>
> The trial court denied the suppression motion without entering any written findings of fact or conclusions of law. The court's oral ruling denying the motion was on the basis that the officers received consent to enter the residence. The trial court also found that even if the parole officers had not received valid consent, they had reasonable suspicion to enter and search the residence.[2]

*Taylor v. Commonwealth*, No. 2018-SC-000343-MR, 2019 WL 6973775, at *1-2

(Ky. Dec. 19, 2019).

Taylor eventually entered a conditional guilty plea to various drug

related charges in which he reserved the right to appeal the motion to suppress

issue. The Kentucky Supreme Court affirmed Taylor's conviction and held that

the wife's consent allowed the officers to enter the home without a search warrant.

---

[2] *See* the recent case of *Gasaway v. Commonwealth*, No. 2021-SC-0457-DG, 2023 WL 4037377 (Ky. Jun. 15, 2023), for a thorough discussion regarding reasonable suspicion to search a parolee's property. This case has been designated as to be published, but at the time of this opinion, it had not yet received a South Western Reporter citation.

On May 8, 2020, Taylor filed the underlying RCr 11.42 motion alleging ineffective assistance of counsel. Multiple issues were raised, but we are only concerned with the allegation that, during the suppression motion hearing, Taylor's trial attorney was ineffective when he did not present a security camera recording of Taylor's arrest and did not have Taylor's wife testify as to whether she gave consent to the officers to enter the residence. Taylor also requested that he be appointed an attorney to help with his motion.

The trial court granted the request for an attorney and appointed the Department of Public Advocacy (DPA) to assist Taylor. The DPA reviewed the case, but believed it was not a case that a "reasonable person with adequate means would be willing to bring at his or her own expense," Kentucky Revised Statutes (KRS) 31.110(2)(c), and moved to withdraw from the case. The trial court granted the DPA's motion over Taylor's objection. Taylor later made another motion for counsel, but that too was denied.

The trial court later granted a hearing as to two issues raised in the RCr 11.42 motion: whether counsel was ineffective for failing to produce a video recording of the arrest and whether counsel was ineffective for failing to have Taylor's wife testify as to the consent to enter issue. Upon being granted the hearing, Taylor again asked for counsel. This request was also denied. The

hearing took place on July 19, 2022. During the hearing, Taylor again requested an attorney, but this request was denied.

Taylor, his wife, and his trial attorney all testified, with the trial judge asking questions of the individuals. Taylor's wife testified that she did not give the officers consent to enter the home and was not present in the courtroom on the day of the suppression motion hearing. She also testified that the security camera that caught the arrest on video automatically erases video after ninety days; therefore, there was no video available. Taylor's trial counsel testified that the consent issue was not raised by the Commonwealth in any discovery prior to the suppression hearing and he was surprised when the parole officers testified about being given consent to enter. He testified that had he known consent to enter was an issue, he would have had Taylor's wife present at the hearing. Counsel also testified that neither Taylor nor his wife mentioned the existence of the security camera video before or after the suppression hearing.

The trial court overruled Taylor's RCr 11.42 motion and this appeal followed.

## ANALYSIS

The only issue raised on appeal is whether the trial court erred in denying Taylor counsel once it decided to hold an evidentiary hearing. We believe the trial court did err. RCr 11.42(5) states that if there is a question raised in a RCr

11.42 motion that cannot be answered solely from the face of the record, "the court shall grant a prompt hearing and, if the movant is without counsel of record and if financially unable to employ counsel, **shall** upon specific written request by the movant appoint counsel to represent the movant in the proceeding, including appeal." (Emphasis added.) In addition, case law states that "[i]f an evidentiary hearing is required, counsel must be appointed to represent the movant if he/she is indigent and specifically requests such appointment in writing." *Fraser v. Commonwealth*, 59 S.W.3d 448, 453 (Ky. 2001) (citation omitted).

Here, the trial court appointed counsel to Taylor at the outset, but allowed the DPA to withdraw from representation pursuant to KRS 31.110(2)(c). KRS 31.110(2)(c) states in pertinent part:

> if the department and the court of competent jurisdiction determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense, there shall be no further right to be represented by counsel under the provisions of this chapter.

KRS 31.110(2) states that the DPA can withdraw from the case, but that the decision should be made in conjunction with the trial court. In addition, the DPA's motion to withdraw indicated that it would remain on the case if the court believed it should. We believe that when the trial court found that an evidentiary hearing was necessary, it implicitly found that a "reasonable person with adequate means

-6-

would be willing to" bring the RCr 11.42 motion. This necessitated the appointment of counsel to Taylor pursuant to RCr 11.42(5) and *Fraser*, *supra*.

Failing to appoint counsel to assist Taylor with the evidentiary hearing was an error; however, a "RCr 11.42 proceeding is not a direct appeal with a constitutional right to an attorney." *Commonwealth v. Stamps*, 672 S.W.2d 336, 339 (Ky. 1984) (citation omitted). As there is no constitutional right to an attorney in a RCr 11.42 proceeding, it is subject to harmless error analysis.

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

RCr 9.24.

We conclude that the failure to appoint counsel to represent Taylor for the evidentiary hearing was harmless error. First, the two issues that were reserved for the hearing, the consent to enter and the security video, were discussed and relevant testimony was presented by Ms. Taylor and Taylor's trial counsel. In addition, the consent issue was not the only reason the motion to suppress was denied. The trial court also held that there was reasonable suspicion that criminal

activity was going on at Taylor's house; therefore, the parole officers were entitled to enter the residence even without consent.[3] This means that the defense's lack of evidence countering the consent issue did not overly prejudice Taylor during the suppression hearing. In other words, Taylor's motion to suppress would have still been denied absent consent to enter.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did err in not appointing counsel to Taylor once an evidentiary hearing was ordered; however, we believe this was harmless error under the circumstances of this case. We affirm.

ACREE, JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Andrea Reed                    Daniel Cameron
Frankfort, Kentucky            Attorney General of Kentucky

                               Jenny L. Sanders
                               Assistant Attorney General
                               Frankfort, Kentucky

---

[3] Parolees are entitled to less Fourth Amendment unreasonable search protections than the average person. *See Gasaway*, *supra*.