RENDERED:  SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1078-MR

ELBERT PHILLIP LONG                                  APPELLANT

v.

APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE LISA P. JONES, JUDGE
ACTION NO. 76-CR-18196

COMMONWEALTH OF KENTUCKY                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND JONES, JUDGES.

EASTON, JUDGE:  The Appellant ("Long") seeks review of the circuit court's Order denying his latest post-conviction motion.  We affirm.

In 1976, Long attempted to rape Connie White.  Long then murdered White's father William Damron, Jr.  A jury convicted Long of murder and attempted rape and sentenced him to life imprisonment for murder and five years for attempted rape.  The Kentucky Supreme Court affirmed this conviction over forty-five years ago.  *Long v. Commonwealth*, 559 S.W.2d 482 (Ky. 1977).

Since then, Long has filed well over a dozen post-conviction proceedings.[1] Long's appeal just prior to the present one was partially successful in that this Court directed a correction of Long's sentence in the original Judgment to run his five-year sentence concurrent with his life sentence.[2] Now Long argues he was entitled to a new sentencing proceeding and that the withdrawal of his appointed counsel from this appeal violated his rights.

It is well-established that post-conviction motions are limited to claims which were not or could not have been made in prior such proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415 (Ky. 1977). For this reason, we will not readdress the arguments Long makes again about his case. The appeal is limited to review of the decision of the circuit court to correct the sentence as directed by this Court and the related question of his right to counsel for this appeal.

Kentucky Revised Statute ("KRS") 31.110(2)(c) provides a statutory right to be represented in post-conviction matters, provided the appointed attorney believes the matter has enough merit to justify a person to hire private counsel. This is consistent with the law in that there is no automatic right to counsel beyond

---

[1] Not to belabor this Opinion, we will not repeat the listing of most of these efforts, which appears in our Opinion Affirming in *Long v. White*, No. 2018-CA-001485-MR, 2019 WL 1092656 (Ky. App. Mar. 8, 2019).

[2] This was explained in Footnote 5 of our Opinion Reversing and Remanding in *Long v. Commonwealth*, No. 2021-CA-0977-MR, 2022 WL 2183250 (Ky. App. Jun. 17, 2022).

a direct appeal. *Stamps v. Commonwealth*, 672 S.W.2d 336 (Ky. 1984). There was no error in allowing the withdrawal of the attorney with the Department of Public Advocacy in this case because there was no merit to this appeal.

The original sentence of life with a consecutive five years was erroneous. As we explained in the most recent appeal, no sentence may be consecutive to a life sentence. Yet Long's sentence was effectively corrected without an amendment of the original Judgment as we recognized in our last appeal.

The concurrent nature of the sentences was recognized by this Court over twenty years ago, and documentation from the Department of Corrections recognized this as well. Long was granted parole once, only to violate it and return to prison with an eventual parole decision of a serve out of the life sentence. Contrary to Long's argument, he has not served forty-six years on a five-year sentence. While Long has obviously served more than five years, this did not eliminate the consequences of his conviction of a sexual offense in terms of conditions of any release on parole based on concurrent sentences or the natural consequences of a concurrent life sentence.

Long was entitled only to a correction of the sentence in the original Judgment. *See Johnson v. Commonwealth*, 450 S.W.3d 707 (Ky. 2014). Long was not entitled to generally revisit his sentence. The circuit court correctly followed

this Court's directive to formalize the correction of the sentence which had already been recognized over twenty years ago. The Order of the Daviess Circuit Court is AFFIRMED.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Elbert Phillip Long, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky