RENDERED: NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1044-MR

ASIEL IRAOLA-LOVACO                           APPELLANT

                 APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
                ACTION NO. 16-CR-00202

COMMONWEALTH OF KENTUCKY                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2015, Appellant, Asiel Iraola-Lovaco, struck three individuals with his vehicle and then drove away from the scene. Two of the victims lost a leg and all required extensive medical treatment. He entered a guilty plea to one count of leaving the scene of an accident. A Fayette County jury found him guilty of three counts of second-degree assault, and one count of driving under the influence of alcohol. The jury recommended a sentence of 30 years'

imprisonment. He was ultimately sentenced to serve 20 years.[1] His conviction was unanimously affirmed by the Kentucky Supreme Court. *See Iraola-Lovaco v. Commonwealth*, 586 S.W.3d 241 (Ky. 2019). Appellant subsequently filed a motion for post-judgment relief pursuant to RCr[2] 11.42. He was initially represented by an attorney with the Department of Public Advocacy (DPA). His counsel reviewed the case pursuant to KRS 31.110(2)(c) and concluded that this was "not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense." As a result, counsel filed a Motion to Allow the DPA to Withdraw as Counsel and to Allow Movant to Fully Pursue His Claims *Pro Se*. The motion to withdraw was granted. Thereafter, the court scheduled a RCr 11.42 evidentiary hearing. The circuit court ultimately denied Appellant's motion for post-conviction relief. Appellant now appeals to this Court as a matter of right. For the following reasons, we affirm.

Appellant specifically claims that his trial counsel failed to: 1) present a defense of extreme emotional distress; 2) object to the prosecutor crying during the Commonwealth's closing argument; 3) make an opening statement during the penalty phase of trial; and 4) call more than one defense witness during

---

[1] Pursuant to Kentucky Revised Statutes (KRS) 532.080 and KRS 532.110 the cap on Class C and D felonies is twenty (20) years.

[2] Kentucky Rules of Criminal Procedure.

the penalty phase of trial. He also argues that defense counsel was deficient due to his statement during closing argument that Appellant should receive "more time." As to the latter claim, trial counsel did not ask the jury to consider the minimum sentence. Instead, he requested that they assess an increased term of years, but to be served concurrently.

A successful motion for relief under RCr 11.42 for ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985). As to the second *Strickland* prong, the defendant has the duty to "affirmatively prove prejudice." *Id*. at 693. Appellant's sole issue on appeal is that he was erroneously denied counsel during the underlying evidentiary hearing. RCr 11.42(5) provides in relevant part as follows:

> If the answer raises a material issue of fact that cannot be determined on the face of the record the court shall grant a prompt hearing and, if the movant is without counsel of record and if financially unable to employ counsel, shall upon specific written request by the movant appoint counsel to represent the movant in the proceeding, including appeal.

Appellant correctly cites that "[i]f an evidentiary hearing is required, counsel must be appointed to represent the movant if he/she is indigent and specifically requests such appointment in writing." *Fraser v. Commonwealth*, 59 S.W.3d 448, 453 (Ky.

2001) (citation omitted). The Commonwealth does not contest Appellant's indigency, or that he requested counsel. In fact, on the same day he filed his RCr 11.42 petition, Appellant also filed a *pro se* motion to proceed *in forma pauperis* and for appointment of counsel. This satisfies the writing requirement. However, the Commonwealth correctly cites that the Kentucky Supreme Court has held that when the evidentiary hearing is an exercise in futility, any error in failing to appoint counsel for the RCr 11.42 motion, is harmless. *Commonwealth v. Stamps*, 672 S.W.2d 336, 339 (Ky. 1984). *See also Fraser*, 59 S.W.3d at 455 (citing *Stamps*, 672 S.W.2d at 337-39).

We have reviewed the underlying hearing. Therein, the Commonwealth, the trial judge, and Appellant, all questioned Appellant's trial counsel regarding the claims raised in the RCr 11.42 motion. The court denied Appellant's motion in a well-reasoned eleven-page order. Any error that occurred here due to the absence of counsel was harmless. Therefore, we affirm.

ALL CONCUR.


BRIEF FOR APPELLANT:

J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney Hightower
Assistant Attorney General
Frankfort, Kentucky